IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JONATHAN JOHNSON, | § | |
| | § | No. 296, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1602004456A (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 7, 2024
Decided: April 12, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we affirm the Superior Court's summary dismissal of the appellant's third motion for postconviction relief. Because the appellant, Jonathan Johnson, waived his right to a jury trial and chose to plead guilty, he cannot avail himself of the "actual-innocence" exception to Superior Court Criminal Rule 61's procedural bars.[1] In any event, the information contained in the police report that Johnson claims the State did not turn over in discovery is neither new evidence

---

[1] *See* Del. Super. Ct. Crim. R. 61(d)(2) (providing that a second or subsequent motion for postconviction relief must be summarily dismissed unless the movant was convicted after a trial and the motion pleads with particularity (i) new evidence of actual innocence or (ii) that a new rule of constitutional law, made retroactive to cases on collateral review, applies to the movant's case and renders the conviction invalid).

nor evidence of Johnson's actual innocence. We have previously warned Johnson—who has filed four appeals and two petitions for extraordinary writs relating to his convictions in this Court in the last four years—that he could be enjoined from filing future appeals or writs raising repetitive claims without leave of the Court,[2] and we reiterate that warning here.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[2] *In re Johnson*, 2023 WL 116481, at *2 (Del. Jan. 5, 2023).